UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| BALDINI REAL ESTATE, INC., <br><br> Plaintiff, <br><br> v. <br><br> ERMELIZA S. TORRES, <br><br> Defendant. | Case No. 16-cv-06771-LB <br><br> **ORDER GRANTING IN PART THE PLAINTIFF'S MOTION TO REMAND** <br><br> Re: ECF No. 6 |

## INTRODUCTION & BACKGROUND

This is an unlawful-detainer case removed by the defendant-possessor.[1] Baldini Real Estate, Inc. bought a piece of Daly City, California property in a foreclosure sale after Ermeliza Torres defaulted on the deed of trust.[2] Baldini served Ms. Torres with a three-day notice to quit.[3] Ms. Torres, however, is still in possession of the property, and so Baldini filed an unlawful-detainer complaint in state court.[4] Baldini demands damages of $100 per day from the notice-to-quit

---

[1] *See* Notice of Removal — ECF No. 1. Record citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Compl. — ECF No. 1 at 8–11, ¶ 6.

[3] *Id.* ¶¶ 8, 10.

[4] *Id.* ¶ 10.

ORDER — No. 16-cv-06771-LB

expiration date (starting on October 3, 2016) through the date of judgment; so far, approximately $7,800.[5]

Ms. Torres then removed the case to this court.[6] She asserts that removal was proper and that the court has federal-question subject-matter jurisdiction.[7] But Baldini disagrees: it moves to remand the case because Mr. Torres did not comply with required removal procedures and the court lacks jurisdiction.[8] Baldini also asks the court to declare Ms. Torres a vexatious litigant and impose sanctions.[9]

On Baldini's motion, the court moved the hearing date from January 5, 2017 to December 22, 2016.[10] The deadline for Ms. Torres's opposition brief remained December 15, but she did not file one. Ms. Torres did, however, consent to the undersigned's jurisdiction.[11]

The court can decide the matter without oral argument and vacated the hearing. *See* N.D. Cal. Civ. L.R. 7-1(b).[12] Because the court lacks subject-matter jurisdiction, the court remands the case to the Superior Court of California, County of San Mateo. The court denies Baldini's request to declare Ms. Torres a vexatious litigant and impose a prefiling order and sanctions.

## ANALYSIS

**1. Removal Was Improper Because the Court Does Not Have Subject-Matter Jurisdiction**

    **1.1 Removal Jurisdiction Legal Standard**

A defendant in state court may remove an action to federal court if the action could have been filed originally in federal court. 28 U.S.C. § 1441(b). The defendant has the burden of proving the basis for the federal court's jurisdiction, and, generally, "the removal statute is strictly construed

---

[5] *Id.* ¶¶ 8–10, 12, Prayer ¶ 2.

[6] *See generally* Notice of Removal.

[7] *Id.* ¶ 3.

[8] Motion to Remand — ECF No. 6 at 6–8.

[9] *Id.* at 8–10.

[10] Order — ECF No. 16.

[11] Consent — ECF No. 17.

[12] Clerk's Notice — ECF No. 18.

ORDER — No. 16-cv-06771-LB      2

against removal jurisdiction." *Nishimoto v. Federman–Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941).

Original jurisdiction may be based on diversity or a federal question. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). For diversity jurisdiction, the opposing parties must be citizens of different states and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). There will be federal-question jurisdiction if the case "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The "well-pleaded complaint" rule requires a federal question to be presented on the face of the plaintiff's complaint at the time of removal for federal-question jurisdiction to exist. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). An actual or anticipated federal defense is not sufficient to confer jurisdiction. *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983); *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009). Similarly, federal-question jurisdiction cannot rest upon an actual or anticipated counterclaim. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). That said, a plaintiff may not defeat removal by omitting necessary federal questions from his or her complaint. *Franchise Tax Bd. of Cal.*, 463 U.S. 1 at 22.

If there is a defect in the removal procedure or in the court's jurisdiction, the plaintiff may move to remand the case to state court. 28 U.S.C. § 1447(c).

### 1.2 The Court Lacks Diversity Jurisdiction

Ms. Torres does not claim that this case exhibits diversity jurisdiction.

Ms. Torres resides in California.[13] She alleges that Baldini Real Estate is licensed to do business in the State of California and does business here.[14] It is unclear if the parties are diverse but they probably are not. Moreover, because Ms. Torres lives in California, she is likely a

---

[13] Notice of Removal ¶ 1

[14] *Id.* ¶¶ 2–3.

ORDER — No. 16-cv-06771-LB            3

California citizen and cannot remove a case from California state court on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1441(b)(2).

In any event, the amount in controversy is not satisfied. In unlawful detainer actions, the right to possession of the property is contested, not title to the property, and the plaintiff may collect only damages that are incident to that unlawful possession. *See Litton Loan Servicing, L.P. v. Villegas*, No. C 10-5478 PJH, 2011 WL 204322, at *2 (N.D. Cal. Jan. 21, 2011) (citing *Evans v. Superior Court*, 67 Cal. App. 3d 162, 170 (1977)). Here, with damages accumulating at a rate of $100 per day beginning on October 3, 2016, (totaling approximately $7,800 to date), the amount in controversy is not satisfied.[15] There is no diversity jurisdiction.

### 1.3  The Court Lacks Federal-Question Jurisdiction

Ms. Torres does invoke federal-question jurisdiction.[16] The notice of removal states: "This court . . . has jurisdiction under 28 U.S.C. § 1331 pursuant to 12 U.S.C. § 2605.13."[17] And in the notice of removal, Ms. Torres asserts that Baldini violated the Real Estate Settlement Procedures Act ("RESPA").[18] But this does not confer federal jurisdiction: the complaint asserts only a claim for unlawful detainer.[19] Unlawful detainer claims do not arise under federal law and, without more, the court lacks federal-question jurisdiction. *See, e.g.*, *GMAC Mortg., LLC v. Rosario*, No. C 11-1894 PJH, 2011 WL 1754053, at *2 (N.D. Cal. May 9, 2011); *Fed. Nat'l Mortg. Assoc. v. Lopez*, No. C 11-00451 WHA, 2011 WL 1465678, at *1 (N.D. Cal. Apr. 15, 2011); *Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010). Ms. Torres's RESPA argument — whether raised as a defense or counterclaim — does not change this outcome. *See Vaden*, 556 U.S. at 60.

---

[15] Compl. ¶¶ 8–12.

[16] Notice of Removal ¶ 3.

[17] *Id.*

[18] *Id.* ¶ 6.

[19] *See generally* Compl.

ORDER — No. 16-cv-06771-LB                4

* * *

The court does not have diversity or federal-question jurisdiction. The court therefore remands the case to the San Mateo County Superior Court.

**2. The Court Denies Baldini's Request to Designate Ms. Torres as a Vexatious Litigant, to Require a Bond, and to Impose Sanctions**

**2.1 Vexatious Litigant and Prefiling Order**

Baldini asks the court to declare Ms. Torres a vexatious litigant, pointing to California Civil Procedure Code section 391(b)(3)'s definition of a vexatious litigant as "a person who . . . [i]n any litigation while acting in propria persona, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay."[20] It asks for a prefiling order to prevent Ms. Torres from again removing the case.[21]

The district court has inherent power under the All Writs Act, 28 U.S.C. § 1651(a), to issue writs (such as the requested prefiling order) "necessary and appropriate" in aid of its jurisdiction to prevent litigants who file frivolous lawsuits from continuing to do so. *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (citing *Weissman v. Quail Lodge Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999)).

"Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990). Nonetheless, "pre-filing orders should rarely be filed" because such orders could impose a "substantial burden on the free-access guarantee" under the First Amendment, which is "one of the most precious of the liberties safeguarded by the Bill of Rights." *Ringgold-Lockhart v. Cnty. of Los Angeles*, 761 F.3d 1057, 1061–62 (9th Cir. 2014) (internal citations omitted and quotations omitted). Prefiling orders are therefore an extreme remedy and "courts should not enter [them] with undue haste." *Molski*,

---

[20] Motion to Remand at 8–9.

[21] *Id.* at 9–10.

500 F.3d at 1057 (citations omitted). "A court should enter a pre-filing order constraining a litigant's scope of actions in future cases only after a cautious review of the pertinent circumstances." *Id.*

Accordingly, "orders restricting a person's access to the courts must be based on adequate justification supported in the record and narrowly tailored to address the abuse perceived." *De Long*, 912 F.2d at 1149. A prefiling "injunction cannot issue merely upon a showing of litigiousness." *Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990). "The plaintiff's claims must not only be numerous, but also be patently without merit." *See id.*

Before entering a prefiling order, district courts must comply with the procedural and substantive requirements set forth in *De Long*, 912 F.2d at 1147–48. *See Ringgold-Lockhart*, 761 F.3d at 1062. Under *De Long*, a district court must:

> (1) give litigants notice and "an opportunity to oppose the order before it [is] entered"; (2) compile an adequate record for appellate review, including "a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed"; (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as "to closely fit the specific vice encountered."

*Ringgold-Lockhart*, 761 F.3d at 1062 (quoting *De Long*, 912 F.2d at 1147–48).

### 2.1.1  Notice

The litigant must be provided with an opportunity to oppose the order before it is entered. *See De Long*, 912 F.2d at 1147. "Due process requires notice and an opportunity to be heard." *Id.* (quoting *In re Powell*, 851 F.2d 427, 431 (D.C. Cir. 1988)).

Here, Baldini filed its motion and served Ms. Torres.[22] Baldini initially noticed the motion's hearing date for January 5, 2017, but then asked to shorten the briefing schedule and move the hearing date to December 15, 2016.[23] Baldini served Ms. Torres with its motion to shorten time.[24]

---

[22] Motion to Remand; Certificate of Service — ECF No. 9.

[23] *See* Motion to Remand; Motion to Shorten Time — ECF No. 10 at 2.

[24] Certificates of Service — ECF Nos. 12, 15.

ORDER — No. 16-cv-06771-LB         6

The court granted Baldini's motion in part: it moved the hearing date to December 22, 2016 and kept the opposition deadline as originally set for December 15.[25]

But Ms. Torres did not file an opposition. She did, however, consent to the undersigned's jurisdiction, indicating that she received the Clerk's Notice regarding magistrate jurisdiction, and thus likely received the court's order regarding the opposition deadline. Although she did not respond, and although the court did not hold a hearing on the matter, the notice requirement has been satisfied. *See Pac. Harbor Capital, Inc. v. Carnival Airlines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000) (holding that the opportunity to be heard does not require an oral or evidentiary hearing and instead, due process is satisfied by the opportunity to brief the issue).

### 2.1.2 Adequate record for review

The district court must create a record for review which includes "a listing of all the cases and motions that led [it] to conclude that a vexatious litigant order was needed." *De Long*, 912 F.2d at 1147. The record must at least show, in some manner, "that the litigant's activities were numerous or abusive. *Id.*

In *Baldini Real Estate, Inc. v. Cruz*, an unlawful detainer case, the court imposed a prefiling order requiring the defendant to seek leave before again removing the case. No. 15-cv-04231-JCS, 2015 WL 6725079 at *4–*5 (N.D. Cal. Oct. 16, 2015), *report and recommendation adopted by* No. 15-cv-04231-YGR, 2015 WL 6692272 (N.D. Cal. Nov. 3, 2015). There, the defendant had removed the case once before. *Id.* at *1. On that first removal, the court remanded the case because removal was not timely and the court lacked subject-matter jurisdiction. *Id.* But the defendant again removed the case. *Id.* at *2. On the second removal, the court found that "there [was] an adequate record of abuse of the removal procedure" to impose a prefiling order. *Id.* at *4. The court reasoned: first, the "second Notice of Removal fail[ed] to adequately respond to the reasons" for the initial remand; second, the defendant stated at the hearing "that he intended to

---

[25] Order — ECF No. 16.

delay the action to allow himself more time to obtain a lawyer"; and third, "there [was] a record of [the defendant] submitting numerous improper bankruptcy filings for the purpose of delay." *Id.*

Here, unlike *Cruz*, the record does not support a prefiling order. Unlike *Cruz*, this is the first time that Ms. Torres removed the case and she has not declared an intent to delay the proceedings. The current record therefore does not demonstrate Ms. Torres's abuse of the removal procedure and does not warrant a prefiling order. *Cf. Cruz*, 2015 WL 6725079 at *1, *4 (declaring the defendant a vexatious litigant where the defendant had removed the case once before); *PNC Bank Nat'l Assoc. v .Ahluwali*, No. 3:15-cv-01264-LB (N.D. Cal. May 28, 2015), *report and recommendation adopted by* No. C 15-01264 WHA, 2015 WL 3866892 (N.D. Cal. June 22, 2015) (finding the defendant a vexatious litigant where the defendant removed the case five times); *Bank of New York Mellon v. Brewer*, No. C-12-03179 RMW, 2012 WL 3904342 (N.D. Cal. Sept. 7, 2012) (concluding that the defendants were vexatious litigants where they removed the case three times).

Baldini, however, argues that Ms. Torres's removal is just one of several steps intended to delay the foreclosure proceeding.[26] For example, it argues that like *Cruz*, Ms. Torres has used the bankruptcy system to delay and avoid foreclosure. She transferred the Daly City property to a "company that had filed bankruptcy in order to obtain the protection of the [bankruptcy's] automatic stay" even though the company in bankruptcy "did not have any ties to the subject property" or Ms. Torres.[27] She also "filed for bankruptcy herself in an attempt to stop the foreclosure sale," but the bankruptcy judge dismissed Ms. Torres's case because she did not comply with one of the court's orders.[28] This was just one of Ms. Torres's three bankruptcy suits: the first was in March 2011, which was dismissed for failing to make payments; the second was in January 2012, which was discharged.[29] And separately, without following proper "meet and

---

[26] *See* Motion to Remand at 4–5, 8–9.

[27] Kenny Decl. — ECF No. 7, ¶ 6, Ex. E.

[28] *Id.* ¶ 7, Ex. F.

[29] *Id.* ¶ 8, Ex. G.

confer" and notice procedures in state court, Ms. Torres filed a demurrer, which the court overruled.[30]

Ms. Torres's use of the bankruptcy system may or may not be an attempt to delay the foreclosure. Unlike in *Cruz*, however, there is no existing prefiling order that requires Ms. Torres to obtain leave of court before filing new bankruptcy actions. *See* 2015 WL 6725079 at *3. And more importantly, there is no evidence that Ms. Torres's removal was an abuse of the system designed to delay the case. This conclusion may change, however, if Ms. Torres again removes the case (without any basis justifying its propriety).

### 2.1.3  Substantive findings of frivolousness or harassment

The district court must make "substantive findings as to the frivolous or harassing nature of the litigant's actions." *De Long*, 912 F.2d at 1148 (quoting *In re Powell*, 851 F.2d at 431). It must find the litigant's claims to be frivolous after looking at "both the number and content of the filings as indicia of the frivolousness," or, alternatively, find that the claims show a pattern of harassment. *Id.* (quoting *In re Powell*, 851 F.2d at 431) (internal quotations omitted).

Here, Ms. Torres improperly removed the case, wrongfully asserting federal-question jurisdiction (see above). Ms. Torres's misunderstanding of removal jurisdiction, as a *pro se* litigant, may be understandable. But the well-pleaded-complaint rule is well defined and clear, and the court warns her that future removals on the same basis may result in a prefiling order and sanctions. *See Cruz*, 2015 WL 6725079 at *5 (noting that "a pro se litigant's misunderstanding of the law may in some circumstances be understandable" but that the plaintiff there could not "claim ignorance as to his second removal after receiving the Court's order remanding the case after his first removal").

---

[30] *Id.* ¶¶ 11–13.

ORDER — No. 16-cv-06771-LB                   9

### 2.1.4 Breadth of the order

The order "must be narrowly tailored to closely fit the specific vice encountered." *De Long*, 912 F.2d at 1148. An order preventing a litigant from filing any further actions without leave of court is overly broad and cannot stand. *See id.*; *Moy*, 906 F.2d at 470–71. So too is an order that states that the court will not allow a new action to be initiated unless the court deems the action "meritorious," which is not possible to determine from pleadings alone; such an order "is not narrowly tailored to address the particular concern that [plaintiff] will continue to pursue frivolous litigation." *Ringgold-Lockhart*, 761 F.3d at 1066.

Here, a narrowly tailored prefiling order would necessarily be directed only at future removals by Ms. Torres. But as described above, the record does not indicate repeated, abusive use of the removal procedure and thus the court does not think such an order is appropriate at this time.

\*   \*   \*

In sum, the record does not support a prefiling order. As described above, though, if Ms. Torres attempts to remove the case on the same basis, a prefiling order may be appropriate.

### 2.2 Sanctions (Rule 11 and § 1447(c))

Baldini asks the court to sanction Ms. Torres under Rule 11 to send "a strong message that such impermissible conduct will not be tolerated by this Court" and to "deter any future abuse."[31] It asks for $3,150 in attorney's fees.[32]

A defendant who removes a case improperly may be sanctioned under Rule 11 and 28 U.S.C. § 1447. In particular, § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Here, the record does not warrant sanctions. This is the first time that Ms. Torres removed the case and, although wrong, she may reasonably have believed that RESPA would support federal-

---

[31] Motion to Remand at 10.

[32] Kenny Decl. ¶ 14; Proposed Order — ECF No. 13 at 2.

question jurisdiction. But the court warns Ms. Torres that if she removes the case again on the same basis she risks being sanctioned. *See Benson v. SI Handling Sys., Inc.*, 188 F.3d 780, 783 (7th Cir. 1999) ("Multiple removals could encounter problems — could even lead to sanctions — if nothing of significance changes between the first and second tries.") (internal citation omitted). The court denies Baldini's request for sanctions.

### 3. Collateral Estoppel

Baldini argues that the court's remand order "should be considered a final judgment on the issue of whether [Ms. Torres] can remove the Unlawful Detainer action" and should bar future attempts under the doctrine of collateral estoppel.[33]

"The doctrine of collateral estoppel prevents parties from relitigating issues that have been resolved in an earlier action between the same parties or their privies." *Peterson v. Clark Leasing Corp.*, 451 F.2d 1291, 1292 (9th Cir. 1971). "Collateral estoppel applies if: (1) the issue sought to be relitigated is identical to one necessarily decided in a previous proceeding; (2) the previous proceeding resulted in a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party (or was in privity with a party) in the prior proceeding." *E. Bay Law v. Ford Motor Co.*, No. 15-CV-04257-TEH, 2015 WL 7571809, at *2 (N.D. Cal. Nov. 25, 2015) (citing *People v. Taylor*, 12 Cal. 3d 686, 692 (1974)).

Here, the issue of collateral estoppel is premature. Ms. Torres could remove the case on a new or different basis that this court has not considered. And Baldini cites no authority for the proposition that a court remanding for lack of subject-matter jurisdiction should consider the matter final for purposes of collateral estoppel. *See, e.g.*, Fed. R. Civ. P. 41(b) (dismissal for lack of subject-matter jurisdiction is not an adjudication on the merits); *E. Bay Law*, 2015 WL 7571809 at *3 ("The dismissal of a prior federal case for failure to plead jurisdiction does not bar removal of a subsequent state case, so long as the jurisdictional defects are cured in the second suit."); *but*

---

[33] Motion to Remand at 9.

*see Hohu v. Hatch*, 940 F. Supp. 2d 1161, 1169 (N.D. Cal. 2013) (applying collateral estoppel to dismiss a complaint for lack of subject-matter jurisdiction). The court therefore denies this request.

### CONCLUSION

The court remands the case to the Superior Court of California, County of San Mateo. The court denies Baldini's requests to designate Ms. Torres a vexatious litigant, impose a prefiling order, order sanctions, and consider the decision final for purposes of collateral estoppel.

**IT IS SO ORDERED.**

Dated: December 20, 2016



LAUREL BEELER
United States Magistrate Judge